UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AVEL IVANOVICH REVENKO,<br><br>      Petitioner,<br>  v.<br><br>PAMELA BONDI, Attorney General of the United States, et al.,<br><br>      Respondents. | CASE NO. 2:25-cv-00549-TL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Honorable Grady J. Leupold, United States Magistrate Judge (Dkt. No. 17), and Petitioner Avel Ivanovich Revenko's Objections to the Report and Recommendation (Dkt. No. 18). Having reviewed the Report and Recommendation, Petitioner's objections, Respondents' response (Dkt. No. 20), Petitioner's reply (Dkt. No. 22), and the remaining record, the Court ADOPTS the Report and Recommendation and OVERRULES the objections.

## I. BACKGROUND

The Report and Recommendation sets forth the full background of this case (Dkt. No. 17 at 2–6), and the Court will assume familiarity with the facts. In short, Petitioner is a lawful

permanent resident of the United States who is a native and citizen of the Republic of Moldova. *Id.* at 2. Since April 2023, Petitioner has been detained at the United States Immigration and Customs Enforcement's ("ICE") Northwest Processing Center in Tacoma, Washington. *Id.* at 3. As a result of multiple criminal convictions, an immigration judge ordered that Petitioner be removed to Russia[1] or Moldova, in the alternative. *Id.* at 4. On May 16, 2024, the Board of Immigration Appeals dismissed Petitioner's appeal, and his removal became administratively final. *Id.*

The ICE Office of Enforcement and Removal Operations ("ERO") has been in contact with the Moldovan Embassy, and ERO submitted a packet to obtain travel documents to the Embassy in July 2024. *Id.* In December 2024, the Embassy indicated it could not issue an "emergency" travel document for Petitioner. *Id.* at 5. On March 5, 2025, ERO conducted a 180-day post-order custody review and decided to continue Petitioner's detention, because: (1) he remained a threat to public safety; (2) he had a final order of removal; and (3) the issuance of a travel document to Moldova was pending. *Id.*

On March 27, 2025, Petitioner initiated this action for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1. Petitioner seeks his release from custody, alleging that his continued detention violates 8 U.S.C. § 1231(a)(6) and his due process rights under the Fifth Amendment. *Id.* at 3. Petitioner asserts that there is no reasonable likelihood that his deportation will be effectuated in the reasonably foreseeable future (*id.* at 4) and, therefore, he should be released from detention with appropriate conditions (*id.* at 6).

Respondents filed a motion to dismiss. Dkt. No. 9. Judge Leupold recommends the Respondents' motion be granted because, given that Moldova has not refused to accept Petitioner

---

[1] It was determined that the Russian consulate would not issue travel documents to Petitioner. Dkt. No. 17 at 5.

and Petitioner's removal is not barred by the laws of the United States, as well as Respondents' recent efforts to obtain travel documents for Petitioner, it is significantly likely that Petitioner's removal will occur in the reasonably foreseeable future. Dkt. No. 17 at 10 (citing *Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th Cir. 2008)). Petitioner filed timely objections to the Report and Recommendation. Dkt. No. 18.

## II. LEGAL STANDARD

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

## III. DISCUSSION

### A. Detention and Release of Noncitizens

Pursuant to 8 U.S.C. § 1231, the United States Department of Homeland Security ("DHS") is required to detain a noncitizen during the 90-day "removal period." 8 U.S.C. § 1231(a)(1)(B), (a)(2). Once the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens or to release them on supervision. *Id.* § 1231(a)(6). However, noncitizens may not be detained indefinitely, and § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal

from the United States. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). The detention of a noncitizen for six months following the entry of a final removal order is "presumptively reasonable." *Id.* However, after this six-month period, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing," or else the noncitizen is entitled to habeas relief. *Id.*

**B.     Petitioner's Objections**

Petitioner objects to the Report and Recommendation's reliance on ERO's representation that Moldova had agreed to issue him a travel document, because that representation is "too categorical," and because ERO has "overstated Moldova's position." Dkt. No. 18 at 2, 3. Petitioner bases his argument on the fact that while Moldova has requested additional documents and conducted two interviews of Petitioner, no indication has been given that Moldova's concerns about issuing him a travel document have been resolved. *Id.* at 3.

In Respondents' response to Petitioner's objections, Respondents report that on July 3, 2025, the Moldovan Consulate requested Petitioner's Oregon or Washington driver's license and his apostilled criminal records. Dkt. No. 20 at 2; Dkt. No. 21 ¶ 4. On that same day, ERO contacted Petitioner's daughter and asked her to provide Petitioner's driver's license or other identity documents. Dkt. No. 21 ¶ 4. On July 28, 2025, the General Consul of Moldova interviewed Petitioner and obtained information to submit to Moldova for him to confirm citizenship. *Id.* ¶ 6. ERO is working on obtaining Petitioner's apostilled criminal records and will pay any necessary fees indicated by the Moldovan Consulate for Petitioner's removal. *Id.* Respondents assert that "[o]nce Moldova recognizes Petitioner's citizenship, a travel document will be issued." *Id.*

In his reply, Petitioner argues that "the Magistrate Judge relied on material misrepresentations of fact when recommending that this Court deny Mr. Revenko's petition for release." Dkt. No. 22 at 1. Petitioner asserts that ICE made false representations when Respondents told the Magistrate Judge that Moldova had agreed to issue a travel document to Mr. Revenko. *Id.*

Petitioner also asserts that the Court should order his release because his time in detention has largely passed in solitary confinement, and that Petitioner suffers from a mental illness that the private-contract facility is not equipped to manage. *See* Dkt. No. 18 at 1; Dkt. No. 22 at 2. While the Court is concerned about the ability of the facility to manage Petitioner's condition, that is not the issue before the Court. The only issue before the Court is whether Petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and, if so, whether the Respondents sufficiently rebut the evidence presented by Petitioner. *Zadvydas*, 533 U.S. at 701.

The Court agrees with the finding in the Report and Recommendation that it is significantly likely that Petitioner's removal will occur in the reasonably foreseeable future. Here, Respondents provide evidence that they are actively in the process of removing Petitioner, and that the Moldovan Consulate is moving forward in obtaining travel documents for Petitioner as well. *See generally* Dkt. No. 21. Petitioner seems to assert that Respondents' representation that Moldova stated it would issue a travel document is a misrepresentation because the Consulate is asking for additional information and has not agreed that Petitioner is a citizen of that country. Dkt. No. 22 at 1. That the Consulate might want to confirm Petitioner's identity by requesting his driver's license is reasonable, and the Consulate was in touch with both Petitioner and Respondent just 14 days before Respondents filed their response to Petitioner's objection.

Finally, to the extent Petitioner argues that the additional requests for information indicate uncertainty as to if or when removal may occur, as pointed out in the Report and Recommendation, "the Ninth Circuit has held that uncertainty as to when removal will occur does not *per se* establish that detention is indefinite." Dkt. No. 17 at 9 (citing *Diouf*, 542 F.3d at 1233). Further, the Ninth Circuit has held that for a noncitizen to demonstrate that there was "no significant likelihood of removal in the reasonably foreseeable future," as required in *Zadvydas*, the noncitizen needs to "show that he would be unremovable even if the government defeated his petition for review." *Diouf*, 542 F.3d at 1233. The examples given in *Diouf* are that the country to which the noncitizen is to be removed "would refuse to accept him," or that "his removal is barred by our own laws." *Id.* The Court agrees with Judge Leupold that neither situation exists in this case, and Petitioner does not address *Diouf* at all in his objections. While Petitioner has been detained beyond the presumptively reasonable six-month period, the Court finds based upon the information currently before it that Petitioner's removal will occur in the reasonably foreseeable future.

## IV. Conclusion

Accordingly, the Court hereby ORDERS:

(1) The Court ADOPTS the Report and Recommendation;

(2) Petitioner's objections are OVERRULED;

(3) Petitioner is not entitled to habeas relief, and this action is DISMISSED.

Dated this 8th day of September 2025.

Tana Lin
United States District Judge